**In re: SPECIAL COUNSEL INVESTIGATION**

**Nos. MISC.04–460(TJH), MISC.04–461(TFH).**

United States District Court, District of Columbia.

Nov. 10, 2004.

### *MEMORANDUM OPINION*

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is the Motion of Matthew Cooper and Time Inc. to Quash Subpoena and/or for Protective Order. The subpoenas in question were issued by Special Counsel Patrick Fitzgerald as part of the ongoing investigation into the potentially illegal disclosure of the identity of alleged CIA official Valerie Plame. For the reasons set forth in this Court's July 20, 2004 Memorandum Opinion in the cases Misc. Nos. 04–296 and 04–297, this Court's September 9, 2004 Memorandum Opinion in the case Misc. No. 04–407, and the additional reasons stated below, the Court denies the motion to quash.

#### Background

The facts surrounding this case and Mr. Cooper's role in it are outlined in the Court's Memorandum Opinion of July 20, 2004. Developments in the investigation subsequent to that Opinion are the impetus behind the current motion to quash. After Mr. Cooper failed to comply with the Court's July 20, 2004 Order, Special Counsel moved for an Order to Show Cause why Mr. Cooper should not be held in contempt of court. The same day, Special Counsel served a subpoena on Time requesting production of notes, tape recordings, e-mails or other documents of Cooper's relating to articles he had contributed to or written. Motion of Matthew Cooper and Time Inc. to Quash Subpoena and/or for Protective Order ("Mot. to Quash") at 4. Time filed a motion to quash the subpoena. On August 6, 2004, the Court denied Time's motion to quash referring to its Opinion of July 20, 2004. Time did not follow the Court's Order instructing it to comply with the subpoena. On August 9, 2004, the Court held Mr.

Cooper and Time in contempt of court for refusing to comply with its rulings regarding the subpoenas.

Shortly thereafter, Cooper agreed to sit for deposition and Time agreed to produce certain documents. That deposition took place on August 23, 2004. Mot. to Quash at 4. At Cooper's deposition, Special Counsel explicitly reserved the right to seek additional testimony from Cooper if the need arose. Government's Response to Motion to Quash Grand Jury Subpoenas ("Gov't Response") at 3. After Cooper's deposition and Time's production of certain documents, Special Counsel made a motion to vacate the findings of contempt against Cooper and Time, which the Court granted.

On September 13, 2004, Special Counsel issued a second set of subpoenas upon Mr. Cooper and Time. These subpoenas requested testimony and documents from Mr. Cooper and documents from Time regarding conversations between Cooper and official sources prior to July 14, 2003 regarding former Ambassador Joseph Wilson, his 2002 trip to Niger, his wife Valerie Plame, and/or any affiliation between his wife Valerie Plame and the CIA. Mot. to Quash at 6. Cooper and Time currently move to quash those subpoenas based, in part, on arguments already rejected by this Court in its July 20, 2004 Memorandum Opinion in the cases Misc. Nos. 04–296 and 04–297 and the September 9, 2004 Memorandum Opinion in the case Misc. No. 04–407. The Court incorporates the rulings in those Opinions to this case by reference. Cooper and Time raise the additional argument that the second set of subpoenas should be quashed because they are unreasonable and/or oppressive under Federal Rule of Criminal Procedure 17(c)(2). In addition to the papers filed in opposition to the motion to quash, Mr. Fitzgerald has submitted an *ex parte* affidavit filed under seal. .

## Analysis

Rule 17(c)(2) states that a court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Federal Rule of Criminal Procedure 17(c)(2). Cooper and Time argue that because the second set of subpoenas seek the same information requested in the original subpoenas, enforcing these new subpoenas would be unreasonable and/or oppressive. Specifically, Movants take issue with the fact that Special Counsel voluntarily limited the previous subpoenas to information concerning one identified government official, yet he now looks to gather information that he previously agreed not to seek. Such an action, Cooper and Time argue, is unreasonable and oppressive. This Court disagrees.

In his *ex parte* affidavit, Special Counsel outlines in great detail the developments in this case and the investigation as a whole. The *ex parte* affidavit establishes that the government's focus has shifted as it has acquired additional information during the course of the investigation. Special Counsel now needs to pursue different avenues in order to complete its investigation. Through the *ex parte* affidavit, the Court has determined that the subpoenas were not issued in an attempt to harass the movants, but rather stem from legitimate needs due to an unanticipated shift in the grand jury's investigation. The subpoenas bear directly on the grand jury investigation and are of a limited time and scope.

The fact that Mr. Cooper will now be subject to two deposition, as opposed to being asked all relevant questions during the first deposition, is not indicative of unreasonable or oppressive government action. Rather, this Court believes the second round of subpoenas demonstrates quite the opposite. The fact that Special Counsel did not exhaust all relevant subject matter during Mr. Cooper's first de-

**56**

position shows that Mr. Fitzgerald was proceeding in the investigation with great deference to Cooper's status as a member of the press. The Court agrees with the government when it states, "To hold that the Special Counsel waived his right to seek additional testimony by proceeding in a step-by-step fashion would create a perverse incentive for prosecutors *not* to issue narrowly tailored subpoenas to reporters." Gov't Response at 8. Furthermore, at the end of Mr. Cooper's deposition, Special Counsel specifically reserved the right to seek additional testimony if the need arose.

The Court concludes that Special Counsel has in no way violated Rule 17(c)(2), and therefore, the additional subpoenas served upon Mr. Cooper and Time shall not be quashed on those grounds. As explained in depth in previous opinions, this Court holds that Mr. Cooper and Time have no privilege based in the First Amendment or common law, qualified or otherwise, excusing them from providing documents to or testifying before the grand jury in this matter. Therefore, Mr. Cooper and Time must fulfill their obligations to answer valid subpoenas issued to them by a grand jury acting in good faith. An appropriate order will accompany this opinion.

### ORDER

Pending before the Court is the Motion of Matthew Cooper and Time Inc. to Quash Subpoena and/or for Protective Order. For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the motion is **DENIED**.

**SO ORDERED.**